# Exhibit A

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## SUMMONS IN A CIVIL ACTION



Case Name:    **Kellie Zompanti v Heritage Plumbing & Heating, Inc.**
Case Number:    **218-2021-CV-01120**

Date Complaint Filed: November 04, 2021

A Complaint has been filed against Heritage Plumbing & Heating, Inc. in this Court. A copy of the Complaint is attached.

**The Court ORDERS that ON OR BEFORE:**

| | |
|---|---|
| December 23, 2021 | Kellie Zompanti shall have this Summons and the attached Complaint served upon Heritage Plumbing & Heating, Inc. by in hand or by leaving a copy at his/her abode, or by such other service as is allowed by law. |
| January 13, 2022 | Kellie Zompanti shall electronically file the return(s) of service with this Court. Failure to do so may result in this action being dismissed without further notice. |
| 30 days after Defendant is served | Heritage Plumbing & Heating, Inc. must electronically file an Appearance and Answer or other responsive pleading form with this Court.  A copy of the Appearance and Answer or other responsive pleading must be sent electronically to the party/parties listed below. |

**Notice to Heritage Plumbing & Heating, Inc.:** If you do not comply with these requirements you will be considered in default and the Court may issue orders that affect you without your input.

Send copies to:

| | |
|---|---|
| John P. Sherman, ESQ | Sherman Law PLLC 111 Bow St Unit 2 Portsmouth NH  03801 |
| Heritage Plumbing & Heating, Inc. | 28 Commercial Court Auburn NH  03032 |

BY ORDER OF THE COURT

November 08, 2021

Jennifer M. Haggar
Clerk of Court

(126564)

NHJB-2678-Se (07/01/2018)

This is a Service Document For Case: 218-2021-CV-01120
Rockingham Superior Court
11/8/2021 10:41 AM

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Rockingham Superior Court
Rockingham Cty Courthouse/PO Box 1258
Kingston NH  03848-1258

Telephone: 1-855-212-1234
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## NOTICE TO DEFENDANT

Case Name:       **Kellie Zompanti v Heritage Plumbing & Heating, Inc.**
Case Number:     **218-2021-CV-01120**

You have been served with a Complaint which serves as notice that this legal action has been filed against you in the **Rockingham Superior Court.**  Review the Complaint to see the basis for the Plaintiff's claim.

Each Defendant is required to electronically file an Appearance and Answer 30 days after service. You may register and respond on any private or public computer.  For your convenience, there is also a computer available in the courthouse lobby.

If you are working with an attorney, they will guide you on the next steps.  If you are going to represent yourself in this action, go to the court's website: www.courts.state.nh.us, select the Electronic Services icon and then select the option for a self-represented party.

1.  Complete the registration/log in process.  Click Register and follow the prompts.

2.  After you register, click Start Now.  Select **Rockingham Superior Court** as the location.

3.  Select "I am filing into an existing case".  Enter **218-2021-CV-01120** and click Next.

4.  When you find the case, click on the link and follow the instructions on the screen.  On the "What would you like to file?" screen, select "File a Response to Civil Complaint".  Follow the instructions to complete your filing.

5.  Review your Response before submitting it to the court.

**IMPORTANT:** After receiving your response and other filings the court will send notifications and court orders electronically to the email address you provide.

A person who is filing or defending against a Civil Complaint will want to be familiar with the Rules of the Superior Court, which are available on the court's website: www.courts.state.nh.us.

Once you have registered and responded to the summons, you can access documents electronically filed by going to https://odypa.nhecourt.us/portal and following the instructions in the User Guide.  In that process you will register, validate your email, request access and approval to view your case. After your information is validated by the court, you will be able to view case information and documents filed in your case.

If you have questions regarding this process, please contact the court at 1-855-212-1234.

NHJB-2678-Se (07/01/2018)

**Filed**
**File Date: 11/4/2021 9:51 AM**
**Rockingham Superior Court**
**E-Filed Document**

STATE OF NEW HAMPSHIRE

ROCKINGHAM COUNTY

SUPERIOR COURT
218-2021-CV-01120

Kellie Zompanti
2 Olde Coach Road
Derry, NH 03038

v.

Heritage Plumbing & Heating, Inc.
28 Commercial Court
Auburn, NH 03032

## COMPLAINT WITH JURY DEMAND

## PARTIES

1.   Plaintiff Kellie Zompanti ("Zompanti") is an individual residing at 2 Olde Coach Road, Derry, New Hampshire.

2.   Defendant Heritage Plumbing & Heating, Inc. ("Heritage") is a New Hampshire corporation with a principal address at 28 Commercial Court,  Auburn New Hampshire.

## JURISDICTION AND VENUE

3.   The Court has jurisdiction over this matter pursuant to RSA 491:7.

4.   Venue is proper pursuant to RSA 507:9.

## FACTS RELEVANT TO ALL COUNTS

5.   Ms. Zompanti identifies as female.

6.   Over three (3) years of employment, she received a single instance of coaching but no formal written discipline.

7.   As explained, this all changed when she advised Heritage that she had a serious health condition that required FMLA leave and surgery.

8.   She was a Dispatcher for the plumbers.

1

9.  This was a salaried position.

10. She received bonuses.

11. She received employee benefits.

12. She received three raises.

### *Employment Policy – Written Reviews*

13. Heritage's Employee Handbook policy states that Ms. Zompanti was to receive a written performance review each year.

14. She received one (1) written performance over the three years she worked there.

15. Following it, she received a raise.

### *Breast Cancer Diagnosis*

16. In August 2019 Ms. Zompanti was diagnosed with breast cancer.

17. She began chemotherapy in September 2019.

18. She was advised that she would then need surgery.

### *FMLA Leave and STD*

19. Ms. Zompanti requested that Heritage provide FMLA leave.

20. She received FMLA leave.

21. Ms. Zompanti also requested Short-Term-Disability (STD).

### *Communication to Supervisor*

22. Ms. Zompanti advised her supervisor that she would be out of work for the surgery and the necessary recovery.

23. He responded angrily.

24. Ms. Zompanti said, "it sounds like you don't even want me to come back."

25. He responded that "I've already looked into it" and "I have to by law."

26. Around the time of these communications, Ms. Zompanti had a space heater at her desk.

27. She wanted to use it.

28. Her supervisor would not allow her to.

29. He then said, "can't you just go out on disability?"

30. This happened in front of Ms. Zompanti's co-workers.

31. It was humiliating and embarrassing to Ms. Zompanti.

32. Ms. Zompanti continued working while awaiting surgery.

33. She told her supervisor that she was trying to keep her life as normal as possible as if nothing had changed.

34. He snapped back, "Oh, you think nothing has changed . . .?"

35. He then claimed that Ms. Zompanti allegedly was not doing her job "as well since [her] diagnosis."

### 2nd Cancer Diagnosis

36. On January 21, 2020 an MRI revealed that Ms. Zompanti also had cancer on her kidney.

37. This, too, required surgery.

38. She  advised work of this.

### Day After 2nd Cancer Diagnosis – Record of Verbal Warning

39. The next day, slightly more than two (2) weeks before Ms. Zompanti was scheduled to be out for her breast cancer surgery, her supervisor produced a two-page single-spaced handwritten "Record of Verbal Warning" identifying things that he claimed Ms. Zompanti was not doing correctly.

### *Out of Work for Two Cancer Surgeries*

40. Ms. Zompanti had breast cancer surgery on February 10, 2020.

41. She had kidney cancer surgery on February 17, 2020.

42. Her treatment, surgeries, and recovery were costly.

43. She received health insurance as an employee benefit.

44. Health insurance paid the majority of her health bills for these two surgeries.

45. Ms. Zompanti was out or work for at least six (6) weeks.

### *Written Discipline Upon Return to Work*

46. When she returned, she started receiving written disciplinary action for things that were beyond her control.

### *Differences Work Order from Purchase Order*

47. Heritage had 19 technicians.

48. There were occasions when the technicians had Work Orders for a job, but then had to purchase parts or supplies for the job.

49. Technicians documented parts and supplies on a Purchase Order.

50. On occasion, there were differences between a Work Order and a Purchase Order for the same job.

51. This sometimes happened because technicians would sometimes purchase supplies for the jobs identified on their Work Orders without advising Ms. Zompanti of it.

52. Following her return to work, her boss provided her written discipline because of these differences between Work Orders and Purchase Orders.

53. Heritage treated Ms. Zompanti differently from similarly situated employees.

54. Specifically, to her knowledge, other Dispatchers similarly experienced Work Orders that had different information than Purchase Orders.

55. But Heritage did not provide these other Dispatchers written discipline because of this.

### *Change of Manager*

56. As of June 11, 2020 Heritage changed Ms. Zompanti's manager to Jacob Chartier, the son of the Company's owner.

57. Almost immediately, he too provided Ms. Zompanti written discipline.

### *Rescheduled Tech Due To Customer Emergency*

58. On or about June 30, 2020 Ms. Zompanti rescheduled a technician assigned to a customer cleaning job to a job involving a customer with an active water leak in its basement.

59. The water leak was an emergency.

60. She explained this to the first customer.

61. She offered solutions to the first customer.

62. She tried to assist the first customer with rescheduling.

63. Unfortunately, the first customer allegedly left a one-star online review.

64. Ms. Zompanti's decision to reschedule the technician to the active leak job was consistent with Company policy.

65. It was consistent with the instruction that Heritage provided to its Dispatchers.

66. It was consistent with the specific instruction that she had received.

67. The emergency water leak job allowed the Company to earn billings of more than $3,500.

68. Other Dispatchers made the same or similar decisions to reschedule technicians from maintenance appointments to emergencies when they arose.

69. Ms. Zompanti is not aware of another instance in which the Company disciplined or terminated another Dispatcher for such a situation.

### *Termination of Employment*

70. Ms. Zompanti's new manager terminated her employment.

71. Although she had two weeks of accrued vacation, Heritage did not pay-out these days.

72. The discipline and termination occurred because of Ms. Zompanti's health problems, her sex.

73. The employer retaliated against her because the cost of her health care needs and her health problems threatened to increase the overall cost for the Company to provide employees health insurance.

## LEGAL CLAIMS

### COUNT I

### (Disability Discrimination Violation of RSA 354-A)

74. Ms. Zompanti incorporates by reference all allegations within this Complaint.

75. Ms. Zompanti suffered and suffers from a qualified disability RSA 354-A.

76. Ms. Zompanti was nevertheless able to perform the essential functions of her job with reasonable accommodation.

77. Defendant failed and refused to reasonably accommodate plaintiff's disability by refusing her request to use a space heater, harassing her, and disciplining her.

78. It treated her differently from similarly situated employees.

79. As a direct and proximate result of the foregoing, Ms. Zompanti suffered damages.

80. Ms. Zompanti demands judgment against defendant including, but not limited, back pay, front pay, compensatory damages, enhanced compensatory damages, punitive damages, and attorney's fees, any and all other damages to which she is entitled including all interest all of which is within the jurisdictional limit of this Court.

## COUNT II
### (Disability Harassment - Hostile Work Environment)

81. Ms. Zompanti incorporates by reference all allegations within this Complaint.

82. Ms. Zompanti suffers from a disability as defined by RSA 354-A.

83. Ms. Zompanti was nevertheless able to perform the essential functions of her job with reasonable accommodation.

84. Defendant threatened, intimidated and acted hostile toward Ms. Zompanti because of her disability, including interfering with her doctor's recommendations, and denying her request for accommodation.

85. Defendant created an oppressive, hostile, intimidating and/or offensive work environment and interfered with Ms. Zompanti's emotional well-being and ability to perform her duties.

86. The harassment was sufficiently severe and pervasive as to materially alter Ms. Zompanti's conditions of employment, and to create a hostile and abusive working environment.

87. The defendant failed to exercise reasonable care to prevent and correct promptly the behavior to which Ms. Zompanti was subjected.  It failed to follow and/or reasonably implement harassment and discrimination policies and failed to take effective remedial steps when it knew or should have known of conduct, comments, and activity that violated its own discrimination and harassment policies.

7

## COUNT III
### (Disability - Retaliation)

88. Ms. Zompanti incorporates by reference all prior allegations within this Complaint.

89. Ms. Zompanti engaged in protected activity under RSA 354-A by requesting reasonable accommodation because of her disability.

90. Defendant took adverse employment action against Ms. Zompanti by making her work environment intolerable, including interfering with her doctor's recommendations, and denying her request for accommodation.

91. Defendant's adverse employment action against Ms. Zompanti was causally related to her engaging in protected activity under RSA 354-A.

92. Ms. Zompanti demands judgment against defendant including, but not limited, backpay, frontpay, compensatory damages, enhanced compensatory damages, and attorney's fees, together with interest and costs and such other and further relief as this Court deems proper.

## COUNT IV
### (Gender-Based Discrimination)

93.     Ms. Zompanti incorporates by reference all factual references herein.

94.     Ms. Zompanti is a female.

95.     Because of her gender, the defendant treated her differently from similarly situated employees including those whose conduct created an oppressive, hostile, intimidating, offensive, and intolerable environment.

96.     This disparate treatment because of her gender adversely impacted her well-being and ability to perform her duties.

97.     It materially altered the conditions of her employment.

8

98.     As a direct and proximate result of the foregoing, Ms. Zompanti suffered,

continues to suffer, and will suffer into the future physical and emotional injury.  This includes,

but is not limited to, physical abuse, mental anguish, distress, severe disappointment, anger,

resentment, embarrassment, grief, indignation, and/or despair.

99.     She demands judgment against defendant in the form of all available damages

including but not limited to backpay, frontpay, compensatory damages, enhanced compensatory

damages, punitive damages (if applicable) costs, interest, attorneys' fees (if applicable), and any

other and further relief as is available at law or equity.

## COUNT IV
## (FMLA Retaliation)

100.    Ms. Zompanti incorporates by reference all prior allegations within this

Complaint.

101.    Ms. Zompanti engaged in statutorily protected activity by requesting FMLA leave

and disclosing her confidential medical information to the defendant.

102.    Ms. Zompanti suffered an adverse employment action when defendant terminated

her employment because her FMLA leave and/or her extensive need for healthcare.

103.    The adverse employment action was causally related to Ms. Zompanti's protected

activity.

104.    Ms. Zompanti demands judgment against defendant including, but not limited,

back pay, front pay, compensatory damages, enhanced compensatory damages, punitive

damages, and attorney's fees, any and all other damages to which he is entitled including all

interest all of which is within the jurisdictional limit of this Court.

## COUNT V
### (Wrongful Termination)

105.    The plaintiff incorporates by reference all allegations within this Complaint.

106.    Defendant employed Ms. Zompanti.

107.    At all times during her employment with defendant, Ms. Zompanti performed her duties with diligence and competence.

108.    Ms. Zompanti engaged in acts that public policy encourages when she engaged in protected activity by requesting reasonable accommodation because of her disability, requesting FMLA leave, requesting STD, and objecting to being subjected to adverse action such as verbal or written discipline because of her health-related needs.

109.    Thereafter, defendant retaliated against Ms. Zompanti including denying her reasonable requests for accommodation, harassing her because of her disability and requests for reasonable accommodation, and creating a hostile work environment.

110.    Defendant's termination of Ms. Zompanti's employment was motivated by bad faith, malice, or retaliation.

111.    Defendant discharged Ms. Zompanti because she performed an act that public policy would encourage when she took medical leave, requested reasonable accommodation due to her disability and made a report about being subjected to harassment and retaliation following her return to work after medical leave.

112.    As a direct and proximate result of the foregoing, Ms. Zompanti suffered damages.

113.    Ms. Zompanti demands judgment against defendant, including, but not limited to compensatory and enhanced compensatory damages, lost wages, back pay, front pay, attorney's fees, costs, any and all other damages to which he is entitled including all interest all of which is

within the jurisdictional limit of this Court.

## **JURY DEMAND**

Plaintiff demands a jury trial on all claims so triable.

Respectfully submitted,

KELLIE ZOMPANTI

By her attorneys,

SHERMAN LAW, PLLC

Date: 11/4/2021                                  */s/ John P. Sherman*
                                                 John P. Sherman, Bar No. 12536
                                                 Sherman Law, PLLC
                                                 111 Bow Street, Unit #2
                                                 Portsmouth, NH  03801
                                                 (603) 570-4837
                                                 jsherman@johnshermanlaw.com

11